## WILSHUSEN v. BINNS.

(Supreme Court, Appellate Term, First Department. February 26, 1897.)

1. EVIDENCE—CHARGES AGAINST DEFENDANT—PASS BOOKS.
  A pass book for goods made out in the name of defendant's mother, with whom he lived, is not conclusive against the claim that credit was given to defendant, and that the goods therein specified were supplied to him on his request.

2. SAME—ENTRIES IN PASS BOOK—CUSTOMERS BOUND THEREBY.
  Entries made in the usual course of business by a tradesman in pass books with which he furnished a customer are binding on the customer, where the books remained in his possession or under his control.

Appeal from Fourth district court.

Action by John Wilshusen against John Binns for goods sold and delivered. There was a judgment for plaintiff, and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Charles F. Smith, for appellant.

Leopold W. Harburger, for respondent.

DALY, P. J. The proof was sufficient to authorize the justice to find that the defendant opened the account with the plaintiff for groceries to be supplied to defendant's family, which then consisted of his mother and sisters, with whom he lived in this city, and that a pass book was furnished by plaintiff to defendant, in which were to be entered the goods ordered by the members of the family. This book was made out in the name of the defendant's mother, but that was not conclusive against the claim that the credit was given to the defendant, and the goods supplied to him upon his request to that effect. The evidence also authorized the finding that, after the defendant's mother and sisters removed to Staten Island, they continued to get goods from the plaintiff upon the original pass book and another issued in continuance of the dealings with plaintiff, and that the latter had no notice from defendant to discontinue the supplies. There was a conflict of evidence upon the point, but the probability that the plaintiff would not continue to so deliver goods if forbidden by defendant makes the preponderance in plaintiff's favor.

It is claimed that the proof of deliveries and of the balance remaining due after payments is not sufficient to sustain a judgment for $78.15, as rendered by the justice. Upon that point the evidence stands in this way: After the account was opened, different persons

came with the pass book, and the charges for goods supplied were entered therein in the usual course of business. This continued without variation from the beginning to the end of the dealings which are the subject of this suit. Payments were credited in the book from time to time, and such payments were made by the defendant on two or more occasions. He retained the book, and left it with his mother and sisters, and it was produced upon this trial by him, with entries, subsequent to his last payments, showing a balance which was transferred to the new book, in which the dealings were continued down to the time of the last orders. The correctness of the plaintiff's entries in the pass book was thus proved, and the books were admissible in evidence. They were continuously in the possession of the defendant, or of the persons to whom he intrusted them, and presumably any incorrect entries would have been promptly challenged, had any of them been prejudicial to the defendant. This is not a case where a tradesman seeks to recover upon the correctness of his own books, for the pass books are, more properly speaking, the books of his customer, or, to say the least, are the joint books of both parties. These considerations dispose of the questions in the case. The exceptions do not show error.

Judgment affirmed, with costs. All concur.